*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00232-CV

Aida **MANUKYAN**,
Appellant

v.

Artyom **GRIGORYAN**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-11450
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:　Catherine Stone, Justice

Sitting:　　　Alma L. López, Chief Justice
　　　　　　Catherine Stone, Justice
　　　　　　Sandee Bryan Marion, Justice

Delivered and Filed:　September 10, 2008

AFFIRMED

　　　Appellant, Aida Manukyan, appeals from a final decree of divorce that incorporated a mediated settlement agreement between herself and appellee, Artyom Grigoryan. Manukyan's sole appellate complaint challenges the enforceability of one of the terms of the parties' mediated settlement agreement. We affirm.

Manukyan and Grigoryan entered into a mediated settlement agreement specifying the division of their marital estate. In the typewritten portion of the mediated settlement agreement, the parties provide:

> The undersigned parties . . . agree to compromise and settle the claims and controversies between them including all claims and controversies between them regarding the dissolution of their marriage . . . The parties stipulate that the agreements set forth herein constitute a just and right division of their marital estate. The parties also agree that this stipulation and Agreement shall not be revoked by either of them.
>
> This Agreement . . . was made voluntarily and with the advice and consent of counsel.
>
> **THIS AGREEMENT IS NOT SUBJECT TO REVOCATION.**
>
> This Mediated Settlement Agreement is binding on the parties and is not subject to revocation. A party is entitled to judgment on this Agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or any other rule of law.

Following the typewritten portion of the agreement appear two handwritten provisions. These handwritten provisions provide that "[t]his matter is settled per the terms of Ex[hibits] 'A, B[,] & C'" and recognize that the parties were granted a divorce by an Armenian court on August 13, 2007.[1] The mediated settlement agreement concludes with the signatures of Manukyan, Grigoryan, and both of their attorneys.

Grigoryan subsequently filed a motion asking the trial court to enter a divorce decree incorporating the terms of the parties' mediated settlement agreement. At the hearing on Grigoryan's motion, Manukyan objected to the court's incorporation of the handwritten portion of the parties' settlement agreement pertaining to the couple's Armenian divorce. According to Manukyan, she was

---

[1] Three sets of initials appear next to the handwritten provisions of the mediated settlement agreement: Grigoryan's; Grigoryan's attorney's; and Manukyan's attorney's. While Manukyan's initials do not appear next to the handwritten provisions, it is undisputed by the parties that the handwritten provisions were added to the mediated settlement agreement prior to Manukyan and Grigoryan executing the instrument.

not fully informed of this provision prior to executing the final settlement agreement. The trial court rejected Manukyan's contention and signed the divorce decree incorporating all of the terms of the mediated settlement agreement.

Manukyan claims on appeal that the handwritten portion of the parties' mediated settlement agreement referring to the couple's prior Armenian divorce is unenforceable because she was not fully informed that it was going to be part of the parties' final settlement agreement. Manukyan, however, is barred by statute and the language of the mediated settlement agreement from disturbing the contents of the parties settlement agreement on appeal. The mediated settlement agreement executed by Manukyan and Grigoryan meets all of the statutory requirements to be binding on the parties. *See* TEX. FAM. CODE ANN.§ 6.602(b) (Vernon 2006) ("A mediated settlement agreement is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed."). Both Manukyan and Grigoryan signed the settlement instrument, both parties' counsel signed it, and the instrument contained the requisite statutory warning. *See id.* Further, we are unpersuaded by Manukyan's contention because the record reveals that the disputed portion of the mediated settlement agreement was added to the settlement instrument prior to its execution by Manukyan and Grigoryan; thus, Manukyan had the opportunity to consult with her attorney about the implications of the settlement terms before she signed the final settlement agreement. Accordingly, we reject Manukyan's complaint and overrule her sole issue on appeal. *See Carson v. Carson*, No. 03-04-00521-CV, 2005 WL 2978343, *1 (Tex. App.—Austin 2005, no pet.) (mem. op.) (rejecting appellant's complaint that she was not fully informed of the

financial implications of the agreed upon distribution of property where appellant was represented by counsel and the mediated settlement agreement signed by appellant met all of the statutory requirements to be binding on the parties).

The judgment of the trial court is affirmed.


Catherine Stone, Justice